Bayless v. Driskell.

5L 265
10L 222
14L 549

AMANDA BAYLESS v. M. A. DRISKELL, Trustee, et al.

COMMON SCHOOLS. *Teacher. Order on County Trustee for services. Liability of Trustee.* A teacher of a common school, in whose favor an order is drawn by the school commissioners on the county trustee for services actually rendered under a valid contract, is entitled to have the same paid by the trustee out of any money in his hands, when the order is presented, belonging to the school district, or the first money which may come to his hands thereafter, whether the money be received on the apportionment for the year in which the services were rendered or any subsequent year, and the trustee is personally liable to the holder of the order for the amount called for if he fails to pay it in the order of its presentation. The holder of the order is not required to resort to a *mandamus.*

FROM COCKE.

Appeal from the Chancery Court at Newport. H. C. SMITH, Ch.

W. M. LANGHORNE for complainant.

WM. McSWEEN for defendant.

COOPER, J., delivered the opinion of the court.

The chancellor dismissed complainant's bill on demurrer, and she appealed.

In the year 1872, the district commissioners of public schools for the fifth civil district of Cocke county, the same being a school district, entered into a contract in writing with the complainant, by which they employed her to teach a public school in the district

for five months at $35 a month, to be paid her out of moneys derived from the common school fund, or collected by local taxation for school purposes. The complainant taught school accordingly, and on the 4th of January, 1873, the commissioners gave her their written order for $175, the amount due, on the trustee of the county. She presented the order at once to the trustee, who refused to pay it upon the ground that there were no moneys in his hands belonging to or apportioned to the fifth civil district of the county for common school purposes. Complainant has repeatedly demanded payment from the commissioners and the trustee, and their successors in office, without avail. The bill charges that moneys have been received by the trustees of the county every year from State and county sources, belonging to the county school fund, which have been apportioned to the fifth civil district, as well as other school districts of the county, and have been paid out on orders drawn by the board of commissioners for services performed subsequent to the date of the rendition of complainant's services. The bill seeks a recovery against the county trustee for the amount of the order, and if this cannot be had, then for judgment against the commissioners personally by whom the order is given, and who are made defendants.

By the act of July 7, 1870 (T. & S. Rev. Code, sec. 962 *et seq.*), which was the act in force regulating the system of common schools when the contract set out in the bill was entered into, the commissioners of the school districts were expressly authorized to con-

tract with and employ teachers, male and female, in the district, and draw orders on the county trustee for their compensation. Rev. Code, sec. 992*a*, subsec. 4. The county trustee is, by the same act, designated as the officer to receive, upon giving the required bond, any money due to his county for the use of common schools. "He shall hold said money when paid to him for the payment of teachers and others for actual services performed in carrying on the system of education." Sec. 1026*a*. On the failure of the trustee to pay over said money according to law, the commissioners may recover judgment for the same against him and his sureties, on motion, in the circuit court of the county. Sec. 1028*a*.

The provisions of the common school law, thus cited, clearly show that the commissioners of the school district in question were authorized to employ the com- plainant as a school teacher, and to draw the order, on which this suit is based, in her favor for the amount due her; that the trustee held the school funds in his hands primarily for the payment of such claims; and that he was liable to a judgment by motion, at the instance of the commissioners, for his failure to pay over money according to law. It is equally clear, that the order being a means of reach- ing the funds in the hands of the trustee, the person in whose favor such an order is drawn would have a right of action thereon against the trustee, if in fact he had the money in his hands to meet the order and yet failed to pay it. The same rules must govern such orders as regulate the rights of the par-

ties to county warrants. *Camp* v. *Knox County*, 3 Lea, 199. The school district is a public institution in the nature of a municipal, or *quasi* municipal corporation, with the mode of obtaining money from its treasury distinctly pointed out in favor of those who have actually performed services. The bill avers the receipt of school funds by the trustee, belonging to this particular district, and their appropriation to claims created subsequent to those of the complainant, in violation of her rights created by a prior demand for payment. *Prima facie*, the right of action against the trustee is beyond all question, and this right, under the act extending the jurisdiction of the chancery court, may be enforced in equity.

No argument has been submitted to us in support of the demurrer or the chancellor's rulings on it, and we do not know upon what ground the decree was rested. It is intimated by the bill that, perhaps, it may be insisted that the school funds of the district were insufficient to meet all the orders of the commissioners in favor of teachers for services rendered during that year, and that the funds of each year can only be expended for the school purposes of that year. But there is no provision of the law which justifies such a construction. If, indeed, the district commissioners were to enter into contracts far beyond the means at the disposal of the district, and in willful violation of their duty as men of ordinary prudence, they might make themselves personally liable to the parties with whom they had entered into the contracts, or to the school district. But a mere excess of ex-

penditure over income, whether occasioned by inad-
vertance or an error of judgment, unmixed with any
wrong intent, would not render the commissioners per-
sonally liable, nor affect the rights of the person with
whom they contracted. The demand would be a just
one, to be paid out of any funds in the hands of
the trustee, or which might come to his hands after
the demand of payment. The subsequent expenditures
would have to be cut down until the existing debts
were paid. It cannot be conceded for a moment that
the succeeding commissioners may contract new obliga-
tions without reference to the honest debts of their
predecessors, nor that the trustee may pay such debts
as he sees proper, if he have not funds to pay all
of them. He must pay them in the order of their
presentation. There is nothing in subsequent acts of
the Legislature in relation to common schools affecting
these conclusions.

One of the causes assigned by the demurrer is that
the proper remedy was by *mandamus*. And, no doubt,
a *mandamus* would lie, if the only object was to reach
a specific fund in the hands of the proper officer of
the school district. *Hillis* v. *Ryan*, 4 G. Greene, 78.
That remedy might, however, be rendered nugatory by
proof that there were no funds to meet the demand.
*Hayne* v. *Hood*, 1 Rich. N. S., 16. In the proceed-
ing by suit the court may hold the trustee individu-
ally liable for the failure to pay the money which
came to his hands to the complainant, if she shows
herself entitled to that relief, or may declare her right
to payment whenever sufficient funds are afterwards

received. The remedy by *mandamus* is not commensurate with the relief sought.

The bill states as a reason for making the commissioners with whom she made her contract parties defendant, and asking relief against them, is that it was their duty to know the number of children in the district entitled to be taught, the amount of money that was or would be apportioned to the district, the manner in which it was expended, and, consequently, their ability to discharge the debt to complainant created by the contract with her. The relief sought against the commissioners is in the alternative if it should be found that they had no right to create the liability as against the district school fund, upon the suggestion, which the bill says is set up by the trustees, that the fund of each year must be applied to the expenses of that year, and that the contract of complainant was in excess of the funds for the year 1872. From what has been said, it is not at all probable that there is any ground for personal liability on the part of the commissioners. But as the case must be disposed of on the merits, the demurrer will be overruled also as to the commissioners, with leave to them to rely upon the matters of demurrer by their answer.

The learned counsel for the complainant urges that his client ought to be entitled to look to the entire school fund of the county for her payment, and not be confined to the fund apportioned to the fifth district. The Legislature might undoubtedly so direct, as was done by the act of July 7, 1870, for teachers

theretofore employed. *Arrington* v. *Cotton*, 1 Baxter, 316. But, without legislative sanction, the expenses of one district cannot be thrown as a burden upon the funds of other districts, for the school law clearly contemplates that the commissioners of each district shall use only the fund apportioned to that district. Code, sec. 1000, *a;* Act of 1873, ch. 25, sec. 20, sub-sec. 5.

Reversed and remanded. The trustee will pay the costs of this court.